### RADER v. LOTSPEICH FLOORING CO.

Circuit Court, Dade County, Civil Appeal.

April 11, 1955.

A. N. Spence, Field & Spence, Miami, for appellant.

S. O. Carson, Walton, Lantaff, Schroeder, Atkins, Carson & Wahl, Miami, for appellee.

GEORGE E. HOLT, Circuit Judge.

Appellant (plaintiff below) sued appellee (defendant below) for damages in the amount of $1,916.03, alleging that certain carpet purchased for that sum was defective, not of the wearing

quality for which it was warranted so that it became necessary for the plaintiff to replace the carpet. The gist of the plaintiff's cause of action was that the defendant warranted the carpet to be of good quality and suitable for the purpose for which it was installed. Defendant denied material allegations and alleged affirmatively that the carpet was sold according to sample, was inspected and accepted by plaintiff as in accordance with the sample.

The case was tried before the Honorable John C. Wynn, sitting without a jury. At the conclusion of the plaintiff's case the court entered a final judgment for the defendant on the ground that the plaintiff had failed to prove a claim upon which relief could be granted. From the final judgment plaintiff appealed.

The court heard argument of counsel, has examined the record and briefs herein, and finds that the only representations made by defendant's agent were that the rug was made of wool, that it was at least as good a carpet as one previously ordered but which defendant could not deliver, and that it was of good material. The evidence below clearly establishes that the rug was made of wool and is entirely silent of any proof that the rug actually put down was not at least as good as the rug previously ordered but not delivered. In addition, the evidence of the plaintiff shows that the rug was worth between $10.50 and $12.50 per yard, and the actual price was $11.20 per yard. Further, it is not contradicted that it was purchased by sample and that the material actually placed in the plaintiff's house was in accordance with the sample.

There being no proof of any breach of warranty but on the contrary there being proof that the goods sold conformed to the sample, the plaintiff below failed to prove a cause of action and was not entitled to recover the purchase price or damages simply because the goods may have been less than he expected.

There being no error manifested, the judgment below is affirmed.